UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Harold French**

    v.                                          Civil No. 11-cv-00155-PB
                                                    Opinion No. 2011 DNH

**The Bank of New York Mellon**


**MEMORANDUM AND ORDER**

Harold French seeks to permanently enjoin the Bank of New York Mellon (BONY)[1] from foreclosing upon property located at 74 Route 127, in Warner, New Hampshire.  He argues that the mortgage document is unenforceable because it does not sufficiently describe the secured property, and alternatively, that BONY cannot foreclose because it is not the holder of the corresponding note.  French also seeks monetary damages against BONY for alleged violations of the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act and its federal cognate.  BONY moves to dismiss all counts for failure to state a claim.  For the reasons discussed below, I grant in part and deny in part the motion to dismiss.

---

[1] BONY is trustee for the Certificate Holders of CWALT 2005-34CB, a pool of securitized mortgages in a special purpose entity.

## I.   BACKGROUND[2]

On July 7, 2005, Harold French obtained a loan from Countrywide Home Loans, Inc. ("Countrywide") that was to be secured by an interest in real property.  He executed a note with Countrywide and a mortgage with The Mortgage Electronic Registration System, Inc. ("MERS"), acting as nominee for Countrywide.  French alleges that the mortgage document he signed is not valid because it did not include a legal description of the secured property.  He further alleges that Countrywide subsequently, and without his knowledge or consent, inserted a legal description into the copy of the mortgage that it filed at the Merrimack County Registry of Deeds.

In support of his claim that the mortgage document was altered after he signed it, French avers that each page of the mortgage document he signed on July 7, 2005 contained his initials and was stamped with Countrywide's bar code.  The final

---

[2] The facts are drawn from the complaint (Doc. No. 16), and from the documents provided by defendant that are central to the complaint's factual allegations.  See Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) ("When . . . a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).").

page of the document recorded in the registry, however, does not contain French's initials or a bar code.  That page is titled "Exhibit 'A': Legal Description," and contains three short paragraphs describing the location and bounds of a tract of land in Warner.  See Doc. No. 19-2.  French has proffered a page that he asserts to be the genuine final page of the original document.  That page is similarly titled "Legal Description Exhibit A," and unlike the other page, it contains his initials and a bar code.  See Doc. No. 19-3.  Also unlike the allegedly altered page, it is blank and does not contain a description of any property.

   Another part of the mortgage, however, does provide some description of the property to be used as security.  On its third page, the document states that the borrower agrees to mortgage "the following described property located in the COUNTY of MERRIMACK: SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF."  Underneath, the document continues: "Parcel ID Number: [nothing is written in a blank space] which currently has the address of 74 ROUTE 127, WARNER New Hampshire 03278 ('Property Address')."

3

At some point after entering into the secured loan transaction, French began missing payments on the note. In response, BONY informed French that it would foreclose on the Warner property. On December 17, 2010, MERS assigned the mortgage to BONY, and foreclosure proceedings commenced the following day.

On December 20, French contacted BONY to explain that the mortgage document was not legally enforceable because it did not contain a legal description of the property. Subsequent to that communication, BONY continued to publicly advertise the foreclosure auction of the property.

On March 1, 2011, French brought suit in New Hampshire Superior Court seeking to enjoin BONY from conducting a foreclosure auction. A preliminary injunction was granted, and BONY later agreed to a permanent injunction pending the outcome of this litigation. On March 30, BONY removed the action to federal court.

## II.   STANDARD OF REVIEW

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I "accept as true the well-pleaded

factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002).  To survive a motion to dismiss for failure to state a claim, the general standard under Rule 8 of the Federal Rules of Civil Procedure is that the complaint must "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### III.  ANALYSIS

French contends that the mortgage is invalid and unenforceable because it fails to sufficiently describe the secured property.  Because BONY continued to advertise the foreclosure auction after being informed of the mortgage's invalidity, French contends that BONY violated both the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act and the federal Fair Debt Collection Practices Act.  In the alternative, French argues that even if BONY holds a valid

mortgage instrument, it is without legal authority to foreclose because it is not, or may not be, the holder of the note issued with the mortgage.  Compl. ¶¶ 49-51, Doc. No. 16.

**A. Validity of Mortgage**

I first address French's claim that the mortgage is void for lack of a legally sufficient description.  Under New Hampshire law, the statute of frauds requires that contracts transferring interests in land must be made in a writing that "identif[ies] the parties, state[s] the price, and describe[s] the land involved." Cunningham v. Singer, 111 N.H. 159, 160 (1971).  "A memorandum is sufficiently definite to satisfy the statute of frauds if it is 'reasonably certain from the contract itself and the acts of the parties in performance of it what land was intended.'" Jesseman v. Aurelio, 106 N.H. 529, 532 (1965) (quoting White v. Poole, 74 N.H. 71, 73 (1906)).  Where the document's language is clear enough to "denot[e] a particular lot of land, it is not essential that it should contain a statement of its boundaries, its geographical location or other designations frequently used in formal conveyances of real estate." Id. at 532.

At this stage of litigation, I must accept as true French's assertions that Countrywide altered the mortgage document after its execution and prior to recording it in the Merrimack County Registry of Deeds.  I must further accept as true that the document currently possessed by French, which contains a blank final page, is a true and accurate copy of the mortgage document.

BONY argues that even if the final page of the mortgage document is excised, the inclusion of the property's address on the document's third page is sufficient to satisfy the statute of frauds.  I agree.  French has failed to allege facts that would establish that the address, even if unaccompanied by further description, is not "sufficiently definite" to make "reasonably certain" what parcel of land the mortgage document covered.  See Jesseman, 106 N.H. at 532.  French has not alleged that the address given on the document's third page is different than the address of the property he understood to have been mortgaged, nor has he alleged any dispute at all between the parties about the location or bounds of the property subject to

the mortgage.[3]  I therefore grant BONY's motion to dismiss on this claim.

French raises a related claim for the first time in his objection to the motion to dismiss, arguing that Countrywide's alteration of the mortgage renders the entire document fraudulent, and that it is without legal effect unless BONY seeks equitable reformation.  Pl.'s Mem. in Supp. of Obj. to Mot. to Dismiss at 5-6, Doc. No. 19-1.  This argument is without merit because even if the recorded document is a nullity, the unrecorded document that French claims to be the true and accurate mortgage can still be enforced against him.  See N.H. Rev. Stat. Ann. § 477:7 (unrecorded mortgage is not valid "against any person but the grantor and his heirs only" (emphasis added)); Ouellette v. Butler, 125 N.H. 184, 188 (1984) (failing to record interest in land does not render it unenforceable as against those who have notice); Brown v. Manter, 22 N.H. 468, 471 (1851) ("So far as the parties are

---

[3] In his objection to the motion to dismiss, French states that at one time he owned two separate parcels of land with the mailing address of 74 Route 127.  Pl.'s Mem. in Supp. of Obj. to Mot. to Dismiss at 7, Doc. No. 19-1.  Assuming the veracity of French's claim, he has still failed to allege any confusion or discrepancy about what property was intended to be mortgaged.

concerned or those who have notice of the existence of the deed, the enrolment is not essential to its validity.").

**B. Claims**

I grant BONY's motion to dismiss on the claims arising under the New Hampshire Fair Debt Collection Act and the Fair Debt Collection Practices Act. Both claims are predicated on the invalidity of the mortgage. Because the mortgage is valid and enforceable, both claims fail.

**C. Claim That BONY Does Not Hold the Note**

Based on the manner in which MERS operates,[4] French asserts that MERS could not have passed the note to BONY when it assigned BONY the mortgage, and therefore argues that "BONY does not, or may not, hold the Note." French contends that BONY does not have the power to foreclose on the mortgage unless it also holds the note. BONY responds that even if it is not the note-holder, by virtue of having been assigned MERS's interest in the mortgage, it has the authority to foreclose. In a footnote, BONY also asserts that it is, in fact, the current holder of

---

[4] For more detailed discussions of the role and operation of MERS, see generally In re MERS Litig., 659 F.Supp.2d 1368, 1370 n.6 (J.P.M.L. 2009); MERS v. Neb. Dep't of Banking and Fin., 704 N.W.2d 784, 785 (Neb. 2005); In re MERSCORP, Inc. v. Romaine, 861 N.E.2d 81, 83 (N.Y. 2006).

9

both the mortgage and the note.  Def.'s Mem. in Resp. to Pl.'s Obj. at 3 n.3, Doc. No. 21.

The New Hampshire Supreme Court has not recently addressed the legal question of whether a mortgagee can foreclose on a property even if it does not hold the note that was issued with the mortgage.  Moreover, New Hampshire Superior Court judges have reached contradictory conclusions on the issue.  Compare Powers v. Aurora Loan Servs., No. 213-2010-CV-00181, slip op. at *16 (N.H. Super. Feb. 14, 2011) ("The Court finds that the assignment [of the mortgage] from MERS, as nominee for GreenPoint, to Aurora is valid and that Aurora does have standing to foreclose."), with Zecevic v. U.S. Bank Nat'l Assoc., No. 10-E-196, slip op. at *5 (N.H. Super. Jan. 20, 2011) ("[T]o have jurisdiction and authority to foreclose, a party must show that it is also the assignee of the underlying promissory note because foreclosure of a mortgage may not be brought by one who has no title to it and absent a transfer of the debt, the assignment of the mortgage is a nullity." (quotation marks and citation omitted)).

Because BONY claims to be the holder of the note, I see no reason to delve into a complex, and apparently unresolved,

question of state law.  Accordingly, I deny BONY's motion to dismiss for failure to state a claim, without prejudice to addressing the issue in a properly supported motion for summary judgment.

Lastly, in his objection to the motion to dismiss, French raises a new argument pertaining to the legality of MERS's assignment of the property to BONY.  French asserts that New Hampshire law prohibits a corporation's agent from transferring real estate held by the corporation unless the agent was "appointed by vote for that purpose."  See N.H. Rev. Stat. Ann. § 477:2.  From this proposition, French deduces that BONY must produce proof that Countrywide's board of directors voted to authorize MERS, and that MERS's board of directors voted to authorize Mark Lamper -- the assistant secretary whose signature appears on the assignment document -- to assign the mortgage. Pl.'s Mem. in Supp. of Obj. to Mot. to Dismiss at 8, Doc. No. 19-1.  In reply, BONY argues that French cannot introduce a new theory of liability for the first time in an objection, and that French has not even alleged that the agents who carried out the transaction were not authorized.

11

I conclude that French has failed to sufficiently plead this claim.  First, his complaint is bereft of any factual allegation that would support the claim.  Second, even in his objection, he does not allege that the actions taken were not properly authorized; rather, he alleges that BONY has a duty to produce specific votes of boards' of directors.  In the absence of an allegation of unauthorized action, however, to force BONY to produce proof of authorized action would flip the traditional burden.  At the pleading stage, the plaintiff must show that he is entitled to relief, Fed. R. Civ. P. 8; the burden is not on the defendant to affirmatively show that his actions were in concert with the law before plaintiff has even alleged a violation.

## IV.  CONCLUSION

For the foregoing reasons, BONY's motion to dismiss (Doc. No. 17) is granted in part and denied in part.  I deny the motion to dismiss in regard to French's claim for injunctive relief on the basis that BONY does not hold the note.  I grant the motion in all other respects.

SO ORDERED.

          /s/Paul Barbadoro_____
          Paul Barbadoro
          United States District Judge

November 14, 2011

cc:   Eugene F. Sullivan, III, Esq.
      Jennifer Turco Beaudet, Esq.
      Thomas J. Pappas, Esq.